UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/8/2020___
```

MEDRITE CARE, LLC, MEDRITE 22ND
LLC, MEDRITE 72 LLC, MEDRITE BH
LLC, MEDRITE MIDTOWN WEST LLC,
and HENRY WEISS individually and
derivatively on behalf of MEDRITE CARE,
LLC, MEDRITE 22ND LLC, MEDRITE 72
LLC, MEDRITE BH LLC and MEDRITE
MIDTOWN WEST LLC,

                    Plaintiffs,

            -against-

MEDRITE 243 LLC, MEDRITE EAST SIDE
LLC MEDRITE HAVERSTRAW LLC,
MEDRITE HOLDINGS LLC, MEDRITE
LLC, MEDRITE MANAGEMENT LLC,
MEDRITE MTVERNON LLC, MEDRITE
MYRTLE LLC, MEDRITE NYC LLC,
MEDRITE SPRING VALLEY LLC, NEW
MEDRITE CARE NEW YORK
INTERNATIONAL LLC, MEDRITE  41
LLC, MEDRITE MEDICAL CARE, PA,
SUPREME MEDICAL MANAGEMENT
LLC and SAMUEL FISHMAN a/k/a
SAMUEL FISCH,

                    Defendants

            -and-

MEDRITE CARE, LLC, MEDRITE 22ND
LLC, MEDRITE 72 LLC, MEDRITE BH
LLC, and MEDRITE MIDTOWN WEST
LLC,

                    Nominal Defendants.

1:20-cv-3456 (MKV)

ORDER VACATING TRO
AND DENYING APPLICATION FOR
PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

On May 4, 2020 Plaintiffs initiated this action by filing a complaint [ECF #1] and an

emergency *ex parte* application for a temporary restraining order, preliminary injunction, and

1

pre-judgment attachment [ECF #2, 2-1–2-34 ("Application for Emergency Relief")].  In an Order dated May 5, 2020, the Court issued a limited temporary restraining order to preserve the status quo pending a hearing on the application for a temporary restraining order, with all of the parties present, on May 7, 2020 [ECF #6].  For the reasons stated on the record at the May 7, 2020 hearing and set forth below, Plaintiffs' Application for Emergency Relief is DENIED.

Plaintiffs Henry Weiss, Medrite Care LLC, Medrite 22nd LLC, Medrite 72 LLC, Medrite BH LLC, and Medrite Midtown West LLC are in the business of "providing management and administrative services" to urgent care facilities—specifically, to the urgent care facilities of non-party Medrite Medical Care, P.C., a medical practice owned by non-party Dr. Jeffrey Dick [ECF #1 ("Cmpl.") ¶¶ 31–38; ECF #2-1 ("Weiss Aff.") ¶¶ 9–15].  Weiss is the "Investing Member" of Medrite Care LLC [ECF #2-2, 2-3 ("Operating Agreement")].  Defendants are Samuel Fishman, a.k.a. Samuel Fisch, the "Working Member" of Medrite Care LLC, Cmpl. ¶ 33; Weiss Aff. ¶ 11, and a number of companies with "Medrite" in their names.  Plaintiffs allege that Fisch took advantage of his role as manager of the day-to-day operations of the Medrite Care business, and the Medrite Medical Care practice, surreptitiously to operate competing Medrite-branded businesses that Fisch "built with Weiss' money and Dr. Dick's license, all without their knowledge."  Cmpl. ¶ 62; Weiss Aff. ¶ 38.

In their Complaint, Plaintiffs assert twenty-eight claims against Defendants, including breaches of fiduciary duties, violations of New York State licensing laws, and violations of the Lanham Act.  They also seek extraordinary relief as follows:

> i.   Enjoining Defendant Fisch from acting as working member and/or manager or in any other capacity on behalf of Plaintiffs;

ii.     Enjoining Defendants from using or accessing the bank accounts or any other financial accounts of Medrite Care and Medrite Medical Care;

iii.    Enjoining Defendants from using or accessing any other funds or other assets received from Plaintiffs or Medrite Medical Care, even if those funds are held in Defendants' bank accounts, other financial accounts, or elsewhere in Defendants' names or for Defendants' benefit;

iv.     Enjoining and restraining Defendants from accessing the Medrite Care locations at 919 2nd Avenue, New York, New York and 330 West 42nd Street, New York, New York, communicating with employees of Plaintiffs and Medrite Medical Care, or having any other involvement in the day-to-day operations of Medrite Care and Medrite Medical Care;

v.      Enjoining and restraining Defendants from operating or managing any urgent care facility using the name "Medrite" or "Medrite Care";

vi.     Enjoining and restraining Defendants from operating or managing any urgent care or other medical facility using the license and insurance provider numbers of Dr. Dick and Medrite Medical Care;

vii.    Attaching the Medrite Care bank account ending in *8850 at Chase Bank, held in the name of Plaintiff Medrite 72 LLC for the purpose of paying the tax obligations of Medrite Medical Care;

viii.   A pre-judgment asset restraint injunction against various financial accounts;

ix.     Enjoining Defendants from using the Medrite name and Medrite Care's other marks, symbols and trade dress for any purpose;

3

x.     Enjoining Defendants from marketing, advertising, and making or maintaining any references to Defendants on the Medrite Care website;

xi.     Enjoining Defendants from making or maintaining any reference to the Medrite Care name and other trade dress on Defendants' store fronts, awnings, advertisements and all other marketing materials;

xii.     Enjoining Defendant Supreme Medical Management LLC from acting in any capacity on behalf of Medrite Care, including, serving as the billing agent for Medrite Care or Medrite Medical Care; and

xiii.     Appointing iClaim Inc. and its President, Jayesh N. Tolia, as temporary receiver to take control of Medrite Care and manage its affairs and operations.

[ECF #2].

The Complaint also alleges that Plaintiff Weiss is religiously obligated to resolve this dispute in a Jewish rabbinical court if possible.  Cmpl. ¶ 108.

In opposition to Plaintiffs' Application for Emergency Relief, Defendant Fisch filed a declaration [ECF #11 ("Fisch Decl.")], a copy of an email apparently initiating a proceeding before a Jewish court [ECF #11-1], and a copy of a financial record [ECF #11-2].  He forcefully disputes Plaintiffs' allegations about the management of the business, but he agrees with Plaintiffs contention that the dispute should be resolved in a Jewish court and offers evidence that he has already commenced such a proceeding.

Based on the Court's review of Plaintiffs' Complaint, Application for Emergency Relief, and all of the filings in support of Plaintiffs' Application for Emergency Relief [ECF #1, 2, 2-1–2-34, 7, 8, 9, 14, 15, 16], as well as Defendant Fisch's declaration and supportive filings [ECF #11, 11-1, 11-2], and for all of the reasons stated on the record at the May 7, 2020 hearing, the

Court finds that the clear gravamen of this action is a dispute about Defendants' alleged mismanagement of Plaintiffs' business, especially the alleged misappropriation of company assets.  Such allegations, if proved, are compensable at law by money damages.  Moreover, as Plaintiffs freely admitted during the hearing, the dispute about management of the parties' business has been on-going for several years and as such, there is no threat of "immediate" harm warranting emergency relief.  Fed. R. Civ. P. 65(b)(1)(A).

Preliminary injunctive relief, including the temporary restraining order Plaintiffs seek, is an "extraordinary and drastic remedy" that is "unavailable except in extraordinary circumstances."  *Moore v. Consol. Edison Co.*, 409 F.3d 506, 511 (2d Cir. 2005).  In particular, the movant must demonstrate that it will suffer irreparable harm if the Court denies it injunctive relief.  *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *CMG Holdings Grp. v. Wagner*, No. 15-cv-5814 (JPO), 2016 WL 4688865, at *10 (S.D.N.Y. Sept. 7, 2016); *see generally* 27A Am. Jur. 2d Equity § 21 (2016) ("[T]he absence of an adequate remedy at law is a precondition to any type of equitable relief . . . . Thus, the plaintiff must affirmatively show a lack of an adequate remedy at law . . . .").  The Court finds that Plaintiffs failed to establish that they will suffer irreparable harm from the Court's denial of their requests to enjoin Defendants from accessing Medrite Care and Medrite Medical Care funds and having continued involvement in the day-to-day operations of Medrite Care and Medrite Medical Care

The Court further finds, for the reasons stated on the record at the May 7, 2020 hearing, that Plaintiffs failed to establish a likelihood of success on the merits on their Lanham Act claims and that the balance of hardships and the public interest weigh heavily against granting injunctive relief on that basis, particularly in light of defendants' ongoing work administering testing in connection with the COVIID-19 pandemic.  *See Benihana, Inc. v. Benihana of Tokyo,*

*LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (explaining that, to order injunctive relief, the Court must find that the public interest would not be disserved).  The Court notes that Plaintiffs have advised the Court that they intend to amend their complaint [ECF #9 ¶ 5].  This too counsels against granting a preliminary injunction because it would be based in part on a pleading that will soon be superseded.  *Cf. Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303–04 (2d Cir. 2020) (explaining that "an amended pleading ordinarily supersedes the original and renders it of no legal effect," which in turn sometimes renders a motion based on the original pleading moot).

Given the sworn statements of both Plaintiffs and Defendant Fisch that their dispute should be resolved in a Jewish court, Cmpl. ¶ 108; Fisch Decl. ¶ 2, and the oral request by the entity defendants at the hearing that the Court dismiss this action in deference to the agreed Jewish court's authority, as stated on the record, the Court will entertain written applications to decline to exercise jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the temporary restraining order dated May 5, 2020 has been VACATED and Plaintiffs' Application for Emergency Relief is DENIED.

IT IS FURTHER ORDERED that the parties shall order a transcript of the May 7, 2020 hearing and file it on ECF.

**SO ORDERED.**

**Date:  May 8, 2020**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

6