UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:__7/13/2020__             │
└─────────────────────────────────────┘
```

MEDRITE CARE, LLC, MEDRITE 22ND
LLC, MEDRITE 72 LLC, MEDRITE BH
LLC, MEDRITE MIDTOWN WEST LLC,
and HENRY WEISS individually and
derivatively on behalf of MEDRITE CARE,
LLC, MEDRITE 22ND LLC, MEDRITE 72
LLC, MEDRITE BH LLC and MEDRITE
MIDTOWN WEST LLC,

                         Plaintiffs,

              -against-

MEDRITE 243 LLC, MEDRITE EAST SIDE
LLC MEDRITE HAVERSTRAW LLC,
MEDRITE HOLDINGS LLC, MEDRITE
LLC, MEDRITE MANAGEMENT LLC,
MEDRITE MTVERNON LLC, MEDRITE
MYRTLE LLC, MEDRITE NYC LLC,
MEDRITE SPRING VALLEY LLC, NEW
MEDRITE CARE NEW YORK
INTERNATIONAL LLC, MEDRITE  41
LLC, MEDRITE MEDICAL CARE, PA,
SUPREME MEDICAL MANAGEMENT
LLC and SAMUEL FISHMAN a/k/a
SAMUEL FISCH,

                         Defendants

              -and-

MEDRITE CARE, LLC, MEDRITE 22ND
LLC, MEDRITE 72 LLC, MEDRITE BH
LLC, and MEDRITE MIDTOWN WEST
LLC,

                    Nominal Defendants.

20-cv-3456 (MKV)

OPINION AND ORDER DENYING
MOTION TO COMPEL ARBITRATION
AND DISMISS THE COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is a motion to compel arbitration and dismiss Plaintiffs' complaint [ECF #32]. Defendants seek to compel arbitration of Plaintiffs' claims in a Jewish rabbinical court.[1] They ask that this Court dismiss Plaintiffs' complaint or, in the alternative, stay the proceedings before this Court pending the resolution of their dispute in a rabbinical court. The Court assumes familiarity with the facts and procedural history of this case and, therefore, mentions only the background relevant to the motion before the Court. For the reasons set forth below, the motion is DENIED.

## I.   BACKGROUND

On May 4, 2020, Plaintiffs initiated this action by filing a complaint [ECF #1 ("Cmpl.")], as well as an emergency *ex parte* application for injunctive relief [ECF #2]. The Complaint states:

> Plaintiffs are religiously bound to bring their dispute in the first instance to a Beis Din – a Jewish court of law – and will serve Defendants with a hazmanah – the Beis Din equivalent of a summons – commanding Defendants' appearance before the Beth Din. Plaintiffs intend to pursue their claims in this Court until such time as Defendants comply with the hazmanah and submit to the jurisdiction of the Beth Din for the resolution of the parties' dispute.

Cmpl. ¶ 108. In an Order dated May 5, 2020, the Court issued a limited temporary restraining order to preserve the status quo pending a hearing with the parties [ECF #6]. In its May 5, 2020 Order, the Court directed Plaintiffs to serve Defendants, directed Defendants to respond, and directed all parties to "be prepared to address the allegations in paragraph 108 of the Complaint regarding submission of this matter to [a] Jewish court."

On May 6, 2020, Defendant Samuel Fisch responded with a declaration in opposition to Plaintiffs' application for injunctive relief in which he stated:

---

[1] The parties use the terms "beis din" and "beth din" to describe a Jewish rabbinical court. Although the parties sometimes refer to "the" beth din, there are many different such courts.

> I am willing to bring our dispute to a Beis Din.  Weiss has not called me to Beis
> Din, but chose to try to get a court to exclude me from the business first.  In fact, I
> already issued a Rabbinical Court Summons seeking to call Mr. Weiss to the Beis
> Din[.]

[ECF #11 ¶ 2].  He attached his beth din summons as an exhibit [ECF #11-1].

On May 7, 2020, the Court held a hearing and denied Plaintiffs' application for injunctive relief [ECF #17, 23].  On the record at the hearing, the Court asked Plaintiffs why they were "moving forward with this lawsuit," even though they alleged in their Complaint that they were bound to proceed before a Jewish court and, in his declaration, Defendant Fisch "agree[d] that the parties are bound to bring their dispute before [a] Jewish court" [ECF #23 ("Tr.") at 8]. Plaintiffs responded that "for parties to participate in a litigation in a beth din, there needs to be consent of all parties not just to litigate in beth din but in a particular [beth din, in] front of particular panel of judges."  Tr. at 9.  Counsel for Plaintiffs affirmed that Plaintiffs "feel" religiously obligated "to attempt to resolve their dispute in a beth din should the parties be able to agree, not just on doing so but" also on the particular forum.  *Id*.  But he asserted that there was no "contractual provision that would bind the parties to arbitrate . . . in a beth din."  *Id.* at 12. He maintained that "[t]he bottom line is that the parties have an agreement to litigate in a beth din if and when they reach that agreement."  *Id.* at 10.

Counsel for Defendant Fisch asserted on the record at the hearing that "[h]e is willing to go to semikhah, which is an established beth din."  *Id.* at 10–11.  Counsel for Defendants also argued that "this Court should refrain from exercising jurisdiction and [the dispute] should go promptly to the beth din" because the parties "both said[] that is where it should be."  *Id.* at 11. Defendants argued that the allegations in Plaintiffs' Complaint about their "intent to pursue claims in the beth din" and Fisch's declaration in response was "the equivalent of forming an

agreement to arbitrate." *Id.* at 12–13.  They argued that these judicial admissions were an "offer [and] acceptance" that formed a contract to arbitrate.  *Id.* at 13.

The Court informed the parties that it would entertain a motion to compel arbitration and dismiss the Complaint based on Defendants' argument that there was an agreement to arbitrate. *Id.*  On May 12, 2020, Defendants filed as an exhibit a copy of the beth din summons that Plaintiffs served on Defendants [ECF #21-2].  On May 15, 2020, Defendants filed this motion and their memorandum in support [ECF #32, 33 ("Def. Mem.")].  Plaintiffs thereafter filed their brief in opposition to the motion [ECF #45], and Defendants filed their reply and the declaration of a rabbi in further support of their motion [ECF #47, 48].

## II.    DISCUSSION

Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*., parties may contract to arbitrate their disputes, and federal courts must enforce their agreements to arbitrate.  Specifically, "[the] party aggrieved by the . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  The Act reflects "a national policy favoring arbitration" based on the "desire to preserve . . . parties' ability to agree to arbitrate, rather than litigate."  *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019) (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)).  But "parties are not required to arbitrate unless they have agreed to do so."  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017).  Rather, "[t]he Act places arbitration agreements 'upon the same footing as other contracts.'"  *Schnabel*, 697 F.3d at 118 (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 511 (1974)).  Because arbitration is "a creature of contract," the "threshold question facing

any court considering a motion to compel arbitration is whether the parties have indeed agreed to arbitrate." *Doctor's Assocs., Inc.*, 934 F.3d at 250.

"When deciding whether the parties agreed to arbitrate a certain matter," a district court must "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Express Indus. & Terminal Corp. v. New York State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999). In determining whether the parties formed a contract, a district court considers "their expressed words and deeds." *Kolchins v. Evolution Markets, Inc.*, 31 N.Y.3d 100, 106 (2018) (quoting *Brown Bros. Elec. Contrs. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399 (1977)).

"In considering whether a binding contract exists, 'the first step is to determine whether there is a sufficiently definite offer such that its unequivocal acceptance will give rise to an enforceable contract.'" *Id.* at 106 (quoting *Express Indus. & Terminal Corp.*, 93 N.Y.2d at 589–90). It is black letter law that the offeror controls the terms of acceptance. *King v. King*, 208 A.D.2d 1143, 1143–44, 617 N.Y.S.2d 593, 594 (1994) ("for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous and unequivocal). Thus, a purported acceptance that modifies the terms of the offer "is equivalent to a rejection and counteroffer." *Robison v. Sweeney*, 301 A.D.2d 815, 818, 753 N.Y.S.2d 583 (2003). Moreover, "a 'mere agreement to agree, in which a material term is left for future negotiations, is unenforceable.'" *Kolchins*, 31 N.Y.3d at 106–07 (quoting *Joseph Martin, Jr. Delicatessen v. Schumacher*, 52 N.Y.2d 105, 109 (1981)).

In deciding a motion to compel arbitration, a district court must apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). That standard requires courts to "consider all relevant, admissible evidence submitted by the parties and contained in 'pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (quoting Fed. R. Civ. P. 56(c)) (alteration in original).  The Court must draw all reasonable inferences in favor of the non-moving party.  *Nicosia*, 834 F.3d at 229.

Defendants do not contend that the parties had any "written agreement for arbitration," 9 U.S.C. § 4, before Plaintiffs filed this lawsuit.  Rather, Defendants urge the Court to interpret as an agreement to arbitrate the allegations in paragraph 108 of Plaintiffs' Complaint together with the statements in paragraph 2 of Defendant Fisch's declaration.  The Court is not persuaded.

Even if the Court were to conclude that Plaintiffs' Complaint contains a "definite offer" to arbitrate, under New York contract law, Defendants did not "unequivocal[ly] accept[]" that offer.  *Kolchins*, 31 N.Y.3d at 106.  After stating that "Plaintiffs are religiously bound" to seek resolution in a Beth Din, the Complaint expressly specifies that Plaintiffs "will serve Defendants with a hazmanah."  Cmpl. ¶108.  Because the Court must draw all inferences in favor of the non-moving party, *Nicosia*, 834 F.3d at 229, the Court finds that, if Plaintiffs' Complaint contains an offer to arbitrate, it also specifies the method of acceptance: responding to Plaintiffs' hazmanah. It is undisputed, however, that Defendants instead responded by serving their own hazmanah from their preferred beth din.  Moreover, on the record at the May 7, 2020 hearing, counsel for Defendant Fisch represented not that Fisch had agreed to arbitrate on whatever terms Plaintiffs offered but that he was "willing to go to semikhah, which is an established beth din."  Tr. at 10–

6

11.  Thus, by their "deeds," *Kolchins*, 31 N.Y.3d at 106, Defendants changed or qualified the terms of any offer by Plaintiffs to arbitrate.  Defendants therefore responded with a rejection and counteroffer.  *See Robison*, 301 A.D.2d at 818.

Defendants argue that it makes no difference under Jewish law who serves the hazmanah or from what specific beth din, and they offer the declaration of a rabbi in support of that argument [ECF #48].  But this Court must apply New York law.  Under New York law, "for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous and unequivocal."  *King*, 208 A.D.2d at 1143–44.  Plaintiffs represented on the record before this Court that, to proceed before a rabbinical court, the parties must all consent "not just to litigate in beth din but in a particular [beth din]" [ECF #23 at 9].  Because the Court must draw all reasonable inferences Plaintiffs' favor, *Nicosia*, 834 F.3d at 229, the Court declines to evaluate the parties' competing representations about the requirements of Jewish law.  The Court finds that Defendants did not unambiguously and unequivocally accept the terms of Plaintiffs' offer to proceed before a beth din.

Defendants also argue that uncertainty about the forum does not invalidate an arbitration agreement [Def. Mem. at 7].  That is true where it is clear that an agreement to arbitrate exists. *See Lory Fabrics, Inc. v. Dress Rehearsal, Inc.*, 434 N.Y.S.2d 359 (1980).  The issue before this Court, however, is "whether the parties have indeed agreed to arbitrate."  *Doctor's Assocs., Inc.*, 934 F.3d at 250.  Because this argument puts the cart before the horse, Defendants' reliance on it is misplaced.

The parties' representations about proceeding before a beth din are best interpreted as a "mere agreement to agree, in which a material term is left for future negotiations," which "is unenforceable."  *Kolchins*, 31 N.Y.3d at 106–07 (quoting *Joseph Martin, Jr. Delicatessen*, 52

N.Y.2d at 109).  On the record at the May 7, 2020 hearing, Plaintiffs' counsel stated that "[t]he bottom line is that the parties have an agreement to litigate in a beth din if and when they reach that agreement" [ECF #23 at 10].  In his declaration, Defendant Fisch stated, "I am willing to bring our dispute to a Beis Din," but "Weiss has not called me to Beis Din," before explaining that he issued his own hazmanah [ECF #11 ¶ 2].  And, as noted above, Fisch's counsel specified at the May 7, 2020 hearing that Fisch was offering to proceed before a particular beth din, Tr. at 10–11, which is not the beth din from which Plaintiffs issued a summons [ECF #21-2].  These judicial admissions are not a "manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."  *Express Indus. & Terminal Corp.*, 93 N.Y.2d at 589.  Instead, they reflect competing offers—or an agreement to agree—to proceed before a forum "left for future negotiations."

Accordingly, for the reasons set forth above, Defendants' motion to compel arbitration and dismiss this case is DENIED.  Defendants shall file their answer to Plaintiffs' complaint by July 27, 2020.

**SO ORDERED.**

**Date:  July 13, 2020**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**