**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x

MEDRITE CARE, LLC, MEDRITE 22ND : \
LLC, MEDRITE 72 LLC, MEDRITE BH LLC, : \
MEDRITE MIDTOWN WEST LLC, AND : \
HENRY WEISS individually and derivatively : \
on behalf of MEDRITE CARE, LLC, : \
MEDRITE 22ND LLC, MEDRITE 72 LLC, : \
MEDRITE BH LLC AND MEDRITE : \
MIDTOWN WEST LLC, : \
  : \
        Plaintiffs, : \
  : \
     v. : \
  : \
MEDRITE 243 LLC, MEDRITE EAST SIDE : \
LLC, MEDRITE HAVERSTRAW LLC, : \
MEDRITE HOLDINGS LLC, MEDRITE LLC, : \
MEDRITE MANAGEMENT LLC, MEDRITE : \
MTVERNON LLC, MEDRITE MYRTLE : \
LLC, MEDRITE NYC LLC, MEDRITE :    Civil Action No. 1:20-cv-3456 (MKV) \
SPRING VALLEY LLC, NEW MEDRITE : \
CARE NEW YORK INTERNATIONAL LLC, : \
MEDRITE 41 LLC, MEDRITE MEDICAL :    **ANSWER, AFFIRMATIVE DEFENSES** \
CARE, PA, SUPREME MEDICAL :    **AND SUPPLEMENTAL** \
MANAGEMENT LLC and SAMUEL :    **COUNTERCLAIMS** \
FISHMAN a/k/a SAMUEL FISCH, : \
  : \
        Defendants, : \
  : \
        and : \
  : \
MEDRITE CARE, LLC, MEDRITE 22ND : \
LLC, MEDRITE 72 LLC, MEDRITE BH LLC, : \
and MEDRITE MIDTOWN WEST LLC, : \
  : \
        Nominal Defendants. : \
…………………………………………….. : \
SAMUEL FISHMAN a/k/a SAMUEL FISCH : \
  : \
        Counterclaim-Plaintiff : \
        and Third-Party Plaintiff, : \
     v. : \
  :

HENRY WEISS,                                      :
                                                 :
                    Counterclaim-Defendant,  :
                                                 :
        and                                      :
                                                 :
EVA WEISS,                                        :
                                                 :
                    Third-Party Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

## ANSWER TO COMPLAINT

Defendants Medrite 243 LLC, Medrite East Side LLC, Medrite Haverstraw LLC, Medrite Holdings LLC, Medrite LLC, Medrite Management LLC, Medrite MtVernon LLC, Medrite Myrtle LLC, Medrite NYC LLC, Medrite Spring Valley LLC, New Medrite Care New York International LLC, Medrite 41 LLC,[1] Medrite Medical Care, PA, Supreme Medical Management LLC ("Defendant Entities") and Samuel Fishman a/k/a Samuel Fisch (collectively, "Defendants") by their undersigned counsel, for their answer and affirmative defenses to Plaintiffs' Complaint state:

1.      Defendants state that Paragraph 1 contains arguments and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1, except admit that Medrite Care, LLC ("MC") has an exclusive management agreement with Medrite Medical Care, P.C. ("MMC") and respectfully refers to the management agreement for its full terms and effect.

---

[1] The Complaint purports to define Medrite Care, LLC as "Medrite" and all of the Plaintiff entities collectively as "Medrite Care," but uses either MC or Medrite Care to refer to Medrite Care, LLC.

2.      Defendants state that Paragraph 2 contains arguments and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Defendants state that Paragraph 3 contains arguments and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4.      Defendants state that Paragraph 4 contains arguments and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.      Defendants state that Paragraph 5 contains arguments and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.      Defendants state that Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs have purported to bring claims under the Lanham Act and that, to the extent Plaintiffs' claims are not subject to arbitration before a Beth Din, this Court would have subject matter jurisdiction over the Lanham Act claims and could exercise supplemental jurisdiction over the remaining claims at this time.

7.      Defendants state that Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has personal jurisdiction over them.

8.      Defendants state that Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit the allegations in Paragraph 30.

31.     Defendants admit that MC was formed on or about October 27, 2010 and respectfully refer to the Operating Agreement for its full terms and effect, and otherwise deny the allegations set forth in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32, except admit that Medrite BH, Medrite 22, Medrite 72 and Medrite Midtown West were formed after MC.

33.     Defendants deny the allegations in Paragraph 33, except admit that Weiss is the Investing Member of MC and Fisch is the Working Member, and respectfully refer to the Operating Agreement for its full terms and effect.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36 and respectfully refer to the Operating Agreement for its full terms and effect.

37.     Defendants deny the allegations in Paragraph 37, except admit that MC is not a medical practice and that MC provides management and back office support to MMC.

38.     Defendants deny the allegations in Paragraph 38, except admit that MC managed an urgent care center at 919 2nd Avenue, New York, New York at which MMC provided medical services, and that Medrite 22 and Medrite Midtown West were subsequently formed to manage urgent care centers at 380 2nd Avenue, New York, New York and 330 West 42nd Street, New York, New York, respectively, at which MMC provided medical services.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40, except admit, upon information and belief, that MMC is a professional corporation owned by Dr. Dick and admit that MC has an

exclusive management agreement with MMC and respectfully refers to the Management Agreement for its full terms and effect.

41.    Defendants admit the allegations in Paragraph 41.

42.    Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 42 to the extent inconsistent with the terms of the Management Agreement.

43.    Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 43 to the extent inconsistent with the terms of the Management Agreement.

44.    Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 44 to the extent inconsistent with the terms of the Management Agreement.

45.    Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 45 to the extent inconsistent with the terms of the Management Agreement.

46.    Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 46 to the extent inconsistent with the terms of the Management Agreement.

47.     Defendants deny the allegations in Paragraph 47, except admit that MC maintained its own bank accounts.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 49 to the extent inconsistent with the terms of the Management Agreement.

50.     Defendants deny the allegations in Paragraph 50, except admit that the Midtown East Office was the original Medrite urgent care facility at which MMC provided medical services.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54, except admit that Weiss made certain investments in Medrite 22 and Medrite Midtown West in addition to his original investment in MC.

55.     Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 55 to the extent inconsistent with the terms of the Management Agreement.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57

7

58.     Defendants deny the allegations in Paragraph 58, and state that Fisch continues to be the Working Member of MC.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 60 to the extent inconsistent with the terms of the Management Agreement.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that MC and MMC entered into a Management Agreement and respectfully refer to the Management Agreement for its full terms and effect, and deny the allegations in Paragraph 63 to the extent inconsistent with the terms of the Management Agreement.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint, except admit that at certain times the Medrite website has identified Medrite urgent care locations at 177 Dyckman Street, New York, New York; 175 East Route 59, Spring Valley, New York; 542 West 41st Street, Miami Beach, Florida; 504 Myrtle Avenue, Brooklyn, New York; 243 4th Avenue, Brooklyn, New York; and 1646 Second Avenue, New York, New York.

70.    Defendants deny the allegations in Paragraph 70, except admit that at certain times urgent care facilities have operated at 178-11 Union Turnpike, Fresh Meadows, New York and 393 Mulberry Street, Newark, New Jersey under the Medrite name.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73, except admit that separate LLCs have been formed to provide management and administrative services to urgent care centers operating at different locations.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77, except admit that Supreme has at times provided certain services to MC.

78.    Defendants deny the allegations in Paragraph 78, except admit that prior to 2017, MC engaged a third-party billing company and subsequently engaged Supreme to provide certain services.

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80, except admit that Weiss agreed with and consented to MC's engagement of Supreme to provide certain services to MC.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants admit the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91, and refer to the Management Agreements for its full terms and effect.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95 insofar as the allegations suggest or imply that MC owned or had exclusive rights to the names and marks referred to as the "Trade Dress."

96. Defendants deny the allegations in Paragraph 96 insofar as the allegations suggest or imply that MC owned, had exclusive rights to, developed or paid for the names and marks referred to as the "Trade Dress."

97. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that Plaintiffs are religiously bound to bring their dispute to a Beis Din (or Beth Din), and further state that Weiss and Fisch have agreed to submit this dispute for resolution before a Beth Din.

109.    Defendants state that Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 except admit that Plaintiffs purport to bring actions by MC, Medrite 22, Medrite 72, Medrite BH, and Medrite Midtown West, as well as by Weiss individually and derivatively on behalf of MC, Medrite 22, Medrite 72, Medrite BH, and Medrite Midtown West.

110.    Defendants deny the allegations in Paragraph 110, except admit that Weiss has been the Investing Member of MC continuously since MC was formed.

111.    Defendants deny the allegations in Paragraph 111.

112.   Defendants deny the allegations in Paragraph 112, except admit that Plaintiffs seek a declaratory judgment.

113.   Defendants deny the allegations in Paragraph 113.

114.   Defendants state that Paragraph 114 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 114.

115.   Defendants deny the allegations in Paragraph 115, except admit that Plaintiffs have made no demand on Fisch or MC.

116.   Defendants deny the allegations in Paragraph 116.

117.   Defendants admit that Weiss is incapable of acting disinterestedly and independently.  To the extent Plaintiffs intended the first word of Paragraph 117 to be "Fisch," Defendants deny the allegations in Paragraph 117.

118.   Defendants repeat and reallege each response set forth in Paragraphs 1 to 117 above as though fully set forth herein.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   Defendants deny the allegations in Paragraph 122.

123.   Defendants deny the allegations in Paragraph 123.

124.   Defendants repeat and reallege each response set forth in Paragraphs 1 to 123 above as though fully set forth herein.

125.   Defendants deny the allegations in Paragraph 125.

126.   Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 129 above as though fully set forth herein.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 136 above as though fully set forth herein.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 143 above as though fully set forth herein.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 149 above as though fully set forth herein.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 155 above as though fully set forth herein.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 159 above as though fully set forth herein.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163.

164.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 163 above as though fully set forth herein.

165.    Defendants state that Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    Defendants state that Paragraph 166 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 169 above as though fully set forth herein.

171.    Defendants state that Paragraph 171 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 174 above as though fully set forth herein.

176.    Defendants state that Paragraph 176 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 178 above as though fully set forth herein.

180.    Defendants state that Paragraph 180 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 182 above as though fully set forth herein.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186, except admit that Fisch was entitled to receive an annual Consulting Fee.

187.    Defendants admit the Operating Agreement contains the language quoted in Paragraph 187 and respectfully refer to the Operating Agreement for its full terms and effect.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190 and refer to the Operating Agreement for its full terms and effect.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192 and refer to the Operating Agreement for its full terms and effect.

16

193.   Defendants deny the allegations in Paragraph 193.

194.   Defendants deny the allegations in Paragraph 194.

195.   Defendants deny the allegations in Paragraph 195.

196.   Defendants deny the allegations in Paragraph 196.

197.   Defendants deny the allegations in Paragraph 197.

198.   Defendants deny the allegations in Paragraph 198.

199.   Defendants repeat and reallege each response set forth in Paragraphs 1 to 198 above as though fully set forth herein.

200.   Defendants deny the allegations in Paragraph 200.

201.   Defendants deny the allegations in Paragraph 201.

202.   Defendants deny the allegations in Paragraph 202, except admit that Fisch was entitled to receive an annual Consulting Fee.

203.   Defendants admit the Operating Agreement contains the language quoted in Paragraph 203 and respectfully refer to the Operating Agreement for its full terms and effect.

204.   Defendants deny the allegations in Paragraph 204.

205.   Defendants deny the allegations in Paragraph 205.

206.   Defendants deny the allegations in Paragraph 206 and refer to the Operating Agreement for its full terms and effect.

207.   Defendants deny the allegations in Paragraph 207.

208.   Defendants deny the allegations in Paragraph 208 and refer to the Operating Agreement for its full terms and effect.

209.   Defendants deny the allegations in Paragraph 209.

210.   Defendants deny the allegations in Paragraph 210.

211. Defendants deny the allegations in Paragraph 211.

212. Defendants deny the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants deny the allegations in Paragraph 214.

215. Defendants repeat and reallege each response set forth in Paragraphs 1 to 214 above as though fully set forth herein.

216. Defendants deny the allegations in Paragraph 216.

217. Defendants admit that Weiss purports to seek restitution and disgorgement, deny that Weiss is entitled to any such relief, and otherwise deny the allegations in Paragraph 217.

218. Defendants repeat and reallege each response set forth in Paragraphs 1 to 217 above as though fully set forth herein.

219. Defendants deny the allegations in Paragraph 219.

220. Defendants admit that Weiss and MC purport to seek restitution and disgorgement, deny that Weiss and MC are entitled to any such relief, and otherwise deny the allegations in Paragraph 220.

221. Defendants repeat and reallege each response set forth in Paragraphs 1 to 220 above as though fully set forth herein.

222. Defendants deny the allegations in Paragraph 222 and respectfully refer to the Operating Agreement for its full terms and effect.

223. Defendants admit the allegations in Paragraph 223, and state that Weiss consented to the retention of Supreme.

224. Defendants deny the allegations in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 227 above as though fully set forth herein.

229.    Defendants deny the allegations in Paragraph 229 and respectfully refer to the Operating Agreement for its full terms and effect.

230.    Defendants admit the allegations in Paragraph 230, and state that Weiss consented to the retention of Supreme.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants repeat and reallege each response set forth in Paragraphs 1 to 234 above as though fully set forth herein.

236.    Defendants admit the Operating Agreement contains the language quoted in Paragraph 236 and respectfully refer to the Operating Agreement for its full terms and effect.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238, except admit that Fisch continues to be the Working Member of MC.

239.    Defendants admit the allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240, except admit that Weiss purports to seek a declaratory judgment that he is the sole member and owner of MC and deny that Weiss is the sole member and owner of MC.

241. Defendants repeat and reallege each response set forth in Paragraphs 1 to 240 above as though fully set forth herein.

242. Defendants admit the Operating Agreement contains the language quoted in Paragraph 242 and respectfully refer to the Operating Agreement for its full terms and effect.

243. Defendants deny the allegations in Paragraph 243.

244. Defendants admit that Fisch has never relinquished his ownership interest and continues to be the Working Member of MC, and otherwise denies the allegations in Paragraph 244.

245. Defendants admit the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246, except admit that Weiss purports to seek a declaratory judgment that he is the sole member and owner of MC and deny that Weiss is the sole member and owner of MC.

247. Defendants repeat and reallege each response set forth in Paragraphs 1 to 246 above as though fully set forth herein.

248. Defendants admit the Operating Agreement contains the language quoted in Paragraph 248 and respectfully refer to the Operating Agreement for its full terms and effect.

249. Defendants deny the allegations in Paragraph 249.

250. Defendants deny the allegations in Paragraph 250.

251. Defendants deny the allegations in Paragraph 251.

252. Defendants repeat and reallege each response set forth in Paragraphs 1 to 251 above as though fully set forth herein.

253. Defendants deny the allegations in Paragraph 253.

254. Defendants deny the allegations in Paragraph 254.

255. Defendants deny the allegations in Paragraph 255.

256. Defendants repeat and reallege each response set forth in Paragraphs 1 to 255 above as though fully set forth herein.

257. Defendants deny the allegations in Paragraph 257.

258. Defendants deny the allegations in Paragraph 258.

259. Defendants repeat and reallege each response set forth in Paragraphs 1 to 258 above as though fully set forth herein.

260. Defendants deny the allegations in Paragraph 260.

261. Defendants deny the allegations in Paragraph 261.

262. Defendants repeat and reallege each response set forth in Paragraphs 1 to 261 above as though fully set forth herein.

263. Defendants admit that the Management Agreement is a valid contract between MC and MMC, and otherwise deny the allegations in Paragraph 263.

264. Defendants deny the allegations in Paragraph 264.

265. Defendants deny the allegations in Paragraph 265.

266. Defendants repeat and reallege each response set forth in Paragraphs 1 to 265 above as though fully set forth herein.

267. Defendants admit that the Management Agreement is a valid contract between MC and MMC, and otherwise deny the allegations in Paragraph 267.

268. Defendants deny the allegations in Paragraph 268.

269. Defendants deny the allegations in Paragraph 269.

270. Defendants repeat and reallege each response set forth in Paragraphs 1 to 269 above as though fully set forth herein.

271.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 271.

272.   Defendants deny the allegations in Paragraph 272.

273.   Defendants deny the allegations in Paragraph 273.

274.   Defendants deny the allegations in Paragraph 274.

275.   Defendants deny the allegations in Paragraph 275.

276.   Defendants repeat and reallege each response set forth in Paragraphs 1 to 275 above as though fully set forth herein.

277.   Defendants repeat and reallege each response set forth in Paragraphs 1 to 276 above as though fully set forth herein.

278.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 278.

279.   Defendants deny the allegations in Paragraph 279.

280.   Defendants deny the allegations in Paragraph 280.

281.   Defendants deny the allegations in Paragraph 281.

282.   Defendants deny the allegations in Paragraph 282.

## AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

283.   Defendants state that the Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### As and for a Second Affirmative Defense

284.   Defendants state that Plaintiffs' claims are barred in whole or in part because the parties have agreed to resolve this case in arbitration (i.e., a Beth Din).

22

### As and for a Third Affirmative Defense

285.    Defendants state that Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing.

### As and for a Fourth Affirmative Defense

286.    Defendants state that the Complaint fails to plead with particularity.

### As and for a Fifth Affirmative Defense

287.    Defendants state that Plaintiffs' claims are barred in whole or in part by the doctrines of laches.

### As and for a Sixth Affirmative Defense

288.    Defendants state that Plaintiffs' claims are barred in whole or in part by the doctrines of waiver.

### As and for a Seventh Affirmative Defense

289.    Defendants state that Plaintiffs' claims are barred in whole or in part by the doctrines of acquiescence.

### As and for an Eighth Affirmative Defense

290.    Defendants state that Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel.

### As and for a Ninth Affirmative Defense

291.    Defendants state that Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and *in pari delicto*.

### As and for a Tenth Affirmative Defense

292.    Defendants state that Plaintiffs' claims are not within the zone of interests the Lanham Act is designed to protect.

### As and for a Eleventh Affirmative Defense

293.    Defendants state that there is no causal connection between the injuries allegedly sustained by Plaintiffs and Defendants' alleged conduct.

### As and for a Twelfth Affirmative Defense

294.    Defendants state that Defendants were not the proximate cause of Plaintiffs' alleged injuries.

### As and for a Thirteenth Affirmative Defense

295.    Defendants state that Plaintiffs have not suffered any injury to a commercial interest in reputation, goodwill, nor sale.

### As and for a Fourteenth Affirmative Defense

296.    Defendants state that Plaintiffs failed to mitigate their alleged damages.

### As and for a Fifteenth Affirmative Defense

297.    Defendants state that Defendants' liability and damages are limited in whole or in part by the exculpation and indemnification clauses under § 5.5 of the Operating Agreement.

### As and for a Sixteenth Affirmative Defense

298.    Defendants reserve the right to raise further defenses as may be discovered during the course of the proceedings.

### COUNTERCLAIMS

Counterclaim-Plaintiff Fisch ("Counterclaim-Plaintiff"), as and for his Counterclaims against Weiss and MC and his Third-Party Claims against Eva Weiss, incorporates and realleges the allegations set forth in the Counterclaim and Third-Party Complaint (Dkt. 26) filed on May 15, 2020, including the factual allegations and claims for relief set forth in Paragraphs 1-50, and the prayer for relief sought in the Counterclaim and Third-Party Complaint.  In addition and

supplementing those previously-asserted Counterclaims and Third-Party Claims, Fisch alleges as follows:[2]

1.     In addition to the claims for declaratory judgment alleged in his Counterclaim and Third-Party Complaint dated May 15, 2020, Fisch brings these supplemental counterclaims against Weiss for breach of the Operating Agreement and against MC for indemnification in accordance with the terms of the Operating Agreement.

2.     This Court has jurisdiction over these supplemental counterclaims pursuant to 28 U.S.C. § 1367.

3.     Fisch and Weiss entered into the Operating Agreement for MC (the "Operating Agreement") as of October 27, 2010.

4.     The Operating Agreement specifies the rights and obligations of Fisch, as the Working Member and the Manager of MC, and Weiss as the Investing Member of MC.

5.     The Operating Agreement is a valid and enforceable contract.

6.     At all times since the formation of MC as of October 27, 2010, Fisch has been the Working Member and owned Class B interests representing a 40% ownership interest in MC.

7.     At all times since the formation of MC as of October 27, 2010, Weiss has been the Investing Member and Weiss and Mrs. Weiss together have owned Class A and Class B interests representing a 60% ownership interest in MC.

8.     As the Working Member and sole Manager of MC, only Fisch possesses the exclusive authority under the Agreement to manage the day-to-day operations of MC.

---

[2] Counterclaim-Plaintiff asserts these Counterclaims and Third-Party Claims with a full reservation and without waiver of his right to arbitration before a Zablo Beth Din, as demonstrated in his Motion for Reconsideration of this Court's July 13, 2020 Opinion and Order.

9.      Neither Weiss nor Mrs. Weiss has the authority under the Operating Agreement to manage the day-to-day operations of MC or to interfere with the management of the day-to-day operations of MC or to themselves.

10.      The Operating Agreement provides that the Manager shall be paid an annual Consulting Fee, which Consulting Fee constitutes an operating expense of MC.  The Members further agreed not to take any action that would negate, void, impede or impair the Manager's rights under the Consulting Agreement with MC.

11.      Section 4.1 of the Operating Agreements provides that Cash Flow (as defined in the Operating Agreement) shall be distributed by the Manager first to provide Weiss, as the Class A member, with a Preferred Return in the amount of $75,000 per year and thereafter to the Members in accordance with their respective ownership interests in MC (i.e., 40% to Fisch and 60% to Weiss (or 50% to Weiss and 10% to Mrs. Weiss, during the time she owned a 10% membership interest)).

12.      Weiss and Mrs. Weiss had no authority under the Operating Agreement to make distributions from MC.

13.      Despite these provisions of the Operating Agreement, Weiss and Mrs. Weiss have obstructed and restricted Fisch's exclusive authority to manage Medrite Care.

14.      Among other things, Weiss and Mrs. Weiss have unilaterally accessed and taken distributions from MC's accounts in amounts far greater than any amounts to which they would be entitled under the Operating Agreement.

15.      From 2012 through April 2020, Weiss and Mrs. Weiss distributed from MC's bank accounts to their personal accounts more than $2.6 million.

16.     Then in May 2020, following this Court's vacating its initial *ex parte* temporary restraining order on Fisch accessing MC's bank accounts and prior to the restraints on Fisch's authority being lifted by Chase Bank, Weiss and Mrs. Weiss transferred more than $730,000 from MC's bank accounts to their personal bank accounts.

17.     In addition, Weiss and Mrs. Weiss removed Fisch's signing authority on various accounts, changed the password to the accounts, froze any credit cards issued to Fisch under the MC name, and purported to remove Fisch as Manager of MC.

18.     Weiss' and Mrs. Weiss' actions breached the express terms of the Operating Agreement and were done intentionally and in bad faith.

19.     Fisch has at all times acted in good faith and within the scope of his authority as the Manager of MC.

20.     The Operating Agreement provides broad indemnification rights in favor of the Manager.

21.     Specifically, Section 5.5(b) of the Operating Agreement provides that "[MC] shall indemnify the Manager for any act performed by the Manager within the scope of the authority conferred on the Manager by this Agreement, except for fraud, bad faith, gross negligence, or an intentional breach of this Agreement."

22.     On May 4, 2020, Weiss commenced this action against Fisch alleging claims for, *inter alia*, breach of the Operating Agreement, fraud, tortious interference with MC's contracts and prospective contracts, declaratory judgment, accounting and conversion arising out of Fisch's conduct as the Manager of MC.

23.     Fisch is entitled to indemnification by MC for all losses and damages, including attorneys' fees, incurred by him in defense of the claims asserted against him in this action.

## COUNT IV
### (Breach of the Operating Agreement)

24.     Fisch repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this Counterclaim as if fully set forth herein.

25.     The Operating Agreement is a valid and enforceable contract.

26.     Weiss and Mrs. Weiss breached the terms of the Operating Agreement.

27.     Fisch has sustained, and continues to sustain, damages as a result of Weiss' and Mrs. Weiss' breaches of the Operating Agreement.

28.     Weiss and Mrs. Weiss are liable to Fisch for damages in an amount to be determined at trial.

## COUNT V
### (Indemnification)

29.     Fisch repeats and realleges the allegations set forth in Paragraphs 1 through 28 of this Counterclaim as if set forth fully herein.

30.     Section 5.5(b) of the LLC Agreement provides that "[MC] shall indemnify the Manager for any act performed by the Manager within the scope of the authority conferred on the Manager by this Agreement, except for fraud, bad faith, gross negligence, or an intentional breach of this Agreement."

31.     Weiss commenced this action against Fisch alleging claims arising from his conduct as Manager.

32.     Fisch at all times acted in accordance with his authority as Manager.

33.     Fisch did not engage in fraud, bad faith, gross negligence or an intentional breach of the Operating Agreement.

34.     Fisch is entitled to indemnification from MC for all losses and damages he incurs in connection with this litigation, including, without limitation, his reasonable attorneys' fees and expenses as well as for any judgment, settlement, interest, and costs.

## Prayer for Relief

WHEREFORE, Counter-Claim Plaintiff prays for judgment as follows:

a.      Defendants incorporate and reallege the prayer for relief set forth in the Counterclaim and Third-Party Complaint (Dkt. 26) filed on May 15, 2020, including the declaratory and other relief found on pages 12-13 thereof;

b.      Awarding Fisch damages on Count IV in an amount to be determined at trial, plus prejudgment interest;

c.      Awarding Fisch indemnification and damages on Count V for all losses and damages he incurs in connection with this litigation, including, without limitation, reasonable attorneys' fees and expenses as well as any judgment, settlement, interest and costs in an amount to be determined at trial, plus prejudgment interest;

d.      Awarding Fisch permanent injunctive and other relief;

e.      Awarding Fisch attorneys' fees, expenses, costs, and disbursements of this action; and

f.      Awarding such further relief as the Court deems just and proper.

Dated:  New York, New York
        July 27, 2020

                                        DECHERT LLP

                                        /s/ *Neil Steiner*
                                        Neil Steiner
                                        Pat Andriola
                                        Three Bryant Park
                                        1095 Avenue of the Americas

New York, New York  10036
(212) 698-3500